MICHAEL C. VAN, ESQ.
Nevada Bar No. 3876
GARRETT R. CHASE, ESQ.
Nevada Bar No. 14498
SHUMWAY VAN
8985 S. Eastern Ave., Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
Email: *michael@shumwayvan.com*
      *garrett@shumwayvan.com*

*Attorneys and Local Counsel for Plaintiffs*

FARHAD NOVIAN (California Bar No. 118129; admitted pro hac vice)
*farhad@novianlaw.com*
ANDREW B. GOODMAN (California Bar No. 267972; admitted pro hac vice)
*agoodman@novianlaw.com*
ALEXANDER B. GURA (California Bar No. 305096; admitted pro hac vice)
*gura@novianlaw.com*
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA  90067
Telephone:   (310) 553-1222
Facsimile:    (310) 553-0222

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA TSATAS, an individual; LEONIDAS VALKANAS, as trustee of the KEET TRUST dated August 1, 2015; RAYMOND BARAZ, an individual; PASCAL ABDALLAH, an individual; JIMMY TSOUTSOURAS, an individual; FOTINI VENETIS, an individual; NICHOLAS TSOUTSOURAS, an individual; CONNIE TSOUTSOURAS, an individual; RAYMONDE KANHA, an individual; ALFRED BEKHIT, an individual; JACQUEZ ELBAZ, an individual; MARTINE BENEZRA, an individual; JAMES P. CARROLL, an individual; DAVID CHIN, an individual; JENNIFER MILLS, an individual; PAUL SUBLETT, an individual; ANDREW SUBLETT, an individual; MANOLIS KOSTAKIS, an individual; ESTHER GEORGAKOPOULOS, an individual; EVAGELIA KOSTAKIS, an individual; DENIS PARSONS, an individual; SOFIA KARDARAS, an individual; JIMMY ASMAKLIS, an individual; CORRADINO GALUPPO, an individual; DENIS KOPITAS, an individual; TERRY TSATAS, an | CASE NO.: 2:20-cv-2045-RFB-BNW<br><br>**PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND DISCOVERY PLAN TO CONTINUE ALL DATES BY 180 DAYS**<br><br>**(Second Request)**<br><br>**[Declaration of Andrew B. Goodman and Proposed Order filed concurrently]** |

individual; GEORGE TSATAS, an individual; PANAGIOTA TSATAS, an individual; OURANIA TSATAS, an individual; KIRIAKOS PRIMBAS, an individual; EVANTHIA PRIMBAS, an individual; PATRICK AYOUB, an individual; MICHAEL BESCEC, an individual; ERNEST LEBOEUF, an individual; PHILIPPE LEGAULT, an individual; EFTIHIOS LITSAKIS, an individual; GIOVANNI MONCADA, an individual; MARC RIEL, an individual; JARADEH SALIM, an individual; HANI HAMAM, an individual; CONSTANTIN ZISSIS, an individual; BESSIE PEPPAS, an individual; NIKI PALIOVRAKAS, an individual,

Plaintiffs,

v.

AIRBORNE WIRELESS NETWORK, INC., a Nevada Corporation; MICHAEL J. WARREN, an individual; J. EDWARD DANIELS, an individual; MARIUS DE MOS, an individual; JASON DE MOS, an individual; ROBERT BRUCE HARRIS, an individual; KELLY KABILAFKAS, an individual; and APCENTIVE, INC., a Nevada Corporation,

Defendants.

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND DISCOVERY PLAN TO CONTINUE ALL DATES BY 180 DAYS

Plaintiffs hereby submit their Motion to Modify the Scheduling Order and Discovery Plan to Continue All Dates by 180 Days. As required under Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)(4)"), good cause exists for this Motion because: (i) Plaintiffs have been diligent in striving to meet the current Scheduling Order deadlines; (ii) Plaintiffs require additional time to evaluate whether to add parties and/or amend the pleadings; and (iii) Defendants will suffer no prejudice as a result of any granted modification of the Scheduling Order.

This Motion is brought pursuant to FRCP 16, LR IA 6-1, and LR 26-3, and is supported by the following Memorandum of Points and Authorities, the attached declaration of Andrew B. Goodman, the papers and pleadings on file with the Court, and any oral argument presented before the Court.

DATED: November 18, 2021                    Respectfully submitted.


By:    /s/ Andrew B. Goodman
       MICHAEL C. VAN, ESQ. #3876
       GARRETT R. CHASE, ESQ. #14498
       **SHUMWAY VAN**
       8985 S. Eastern Ave., Suite 100
       Las Vegas, Nevada 89123

       FARHAD NOVIAN
       ANDREW B. GOODMAN
       ALEXANDER BRENDON GURA
       (admitted pro hac vice)
       **NOVIAN & NOVIAN, LLP**
       1801 Century Park East, Suite 1201
       Los Angeles, CA  90067
       *Attorneys for Plaintiffs*

1

S HUMWAY · V AN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

SHUMWAY•VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs bring this Motion to Modify the Discovery Plan and Scheduling Order to Continue All Dates by 180 Days for the following reasons demonstrating good cause:

Plaintiffs will be unable to meaningfully decide whether to amend the pleadings or add parties by the upcoming deadline of November 19, 2021. Although the Court has denied Defendants' Motion to Dismiss (ECF No. 76), Plaintiffs have not received meaningful discovery responses from Defendants, which has prevented them from making an educated decision on whether to amend the pleadings or add parties. As the SEC's Complaint indicates, the alleged fraudulent scheme has more layers to it than Plaintiffs realized when they filed the Complaint on November 5, 2020. Plaintiffs should not be foreclosed from amending the pleadings or adding parties because Defendants have not cooperated in the discovery process.

Defendants will suffer no prejudice as a result of any extension granted as to the Scheduling Order. Indeed, Defendants have yet to conduct several additional items of discovery, and may not even oppose this Motion. Therefore, the Motion should be granted and the scheduling order extended by 180 days.

### II.    STATEMENT OF FACTS

The Court has granted one previous stipulation to continue deadlines in this case. ECF No. 62. On July 20, 2021, the Parties stipulated that there was good cause for a 120-day extension of the discovery deadlines in this case so that (i) the Court may rule on Defendants' Motion to Dismiss (ECF No. 39), Motion for Sanctions (ECF No. 50), and Motion to Stay Entire Case (ECF No. 53), (ii) Plaintiffs can seek the information they need to meaningfully decide whether to amend the pleadings or add parties, (iii) the Parties may attempt to resolve their discovery disputes related to Plaintiffs' First Set of Discovery Requests short of judicial intervention, and (iv) the Parties can have more time to complete the necessary discovery. ECF No. 61 at p. 4:7-13.

The Court granted the Parties' stipulation on July 22, 2021 and, for good cause, continued the deadlines in this case as follows (ECF No. 62 at p. 5:7-11):

Discovery Cut-Off – February 21, 2022

Amending the Pleadings and Adding Parties – November 19, 2021

Expert Disclosures – December 21, 2021

Rebuttal Expert Disclosures – January 20, 2022

Dispositive Motions – March 22, 2022

Since then, the Court, on September 3, 2021, has denied Defendants' Motion to Dismiss (ECF No. 39), Motion for Sanctions (ECF No. 50), and Motion to Stay Entire Case (ECF No. 53). ECF No. 76 (denying all three motions).

On March 2, 2021, after Plaintiffs' Complaint (ECF. No. 1) was already on file for nearly four months, the SEC filed a complaint against several of the same defendants in the present action (Airborne, Kabilafkas, and Daniels) and made allegations suggesting a more wide-ranging fraudulent scheme. *See generally* ECF No. 46-2. Plaintiffs have attempted to seek the information they need to meaningfully decide whether to amend the pleadings or add parties through written discovery requests served on May 7, 2021. Declaration of Andrew B. Goodman filed concurrently herewith ("Goodman Decl.") ¶ 6. These written discovery requests addressed a number of select allegations in the SEC's Complaint. *Id.* Defendants were largely uncooperative. *Id.* Accordingly, on August 27, 2021, Plaintiffs filed motions to compel. *Id.*; *see also* ECF Nos. 66-73. These motions remain under submission as of October 28, 2021. ECF No. 100.

Thus far, Plaintiffs have sent a first set of requests for admission, interrogatories, and requests for production to all Defendants on May 7, 2021. Goodman Decl., ¶ 7. The sufficiency of Defendants' objections and October 8, 2021 supplemental responses are subject to Plaintiffs' motions to compel, for which a ruling is pending. ECF No. 100. On September 24, 2021, Defendants sent Plaintiffs their first set of requests for admission, interrogatories, and requests for production. Goodman Decl., ¶ 7. Plaintiffs are in the process of preparing responses, currently due on the extended deadline of December 3, 2021. *Id.*

Significant discovery remains to be completed, including, but not limited to: third-party subpoenas; depositions of all Defendants; depositions of Plaintiffs; written discovery to Plaintiffs; further written discovery to Defendants, depending on any further responses to Plaintiffs' First Set of Written Discovery that may be compelled by Court order. Goodman Decl., ¶ 8.

3

Plaintiffs will be unable to meaningfully decide whether to amend the pleadings or add parties by November 19, 2021. Goodman Decl., ¶ 9. Although the Court has denied Defendants' Motion to Dismiss (ECF No. 76), Plaintiffs have not received meaningful discovery responses from Defendants, which has prevented them from making an educated decision on whether to amend the pleadings or add parties. *Id.* As the SEC's Complaint indicates, the alleged fraudulent scheme has more layers to it than Plaintiffs realized when they filed the Complaint on November 5, 2020. *Id.* Plaintiffs should not be foreclosed from amending the pleadings or adding parties because Defendants have not cooperated in the discovery process. *Id.*

Plaintiffs have made diligent efforts to pursue the discovery they need to meaningfully evaluate whether to amend the pleadings or add parties as a result of the SEC's allegations of more wide-ranging fraud. Goodman Decl., ¶ 10. However, because Plaintiffs were forced to file motions to compel, and a ruling is pending, they will need more time to meaningfully evaluate whether or not to amend the pleadings or add parties and complete discovery. *Id.* Given that the alleged fraudulent scheme is so wide-ranging that the SEC alleged it could involve approximately $45 million (*see* ECF No. 46-2 at ¶ 1), and Defendants have vehemently opposed all Plaintiffs' discovery efforts, there is good cause for an extension of 180 days to the dates in the scheduling order. Goodman Decl., ¶ 10. Accordingly, Plaintiffs propose the following schedule:

Discovery Cut-Off – August 22, 2022

Amending the Pleadings and Adding Parties – May 19, 2022

Expert Disclosures – June 21, 2022

Rebuttal Expert Disclosures – July 20, 2022

Dispositive Motions – September 22, 2022

*Id.*

Between November 11, 2021 and November 17, 2021, Plaintiffs' counsel met and conferred with defense counsel in an attempt to reach a stipulation in lieu of filing a motion. Goodman Decl., ¶ 11, Ex. A thereto. It is possible Defendants might not oppose Plaintiffs' request to continue dates by 180 days. *Id.* But, due to the press of other matters, defense were unable to confirm one way or another before the present Motion was filed. *Id.*

4

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the Judge's consent.  FED. R. CIV. P. 16(b)(4); *see also* Adv. Comm. Notes to 1983 Amendment to FED. R. CIV. P. 16(b). To establish "good cause" under Rule 16(b)(4), a party seeking modification of a scheduling order must generally show that it cannot meet the deadlines in the order despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d. 604, 609 (9th Cir. 1992); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205, fn.4 (10th Cir. 2006). Even where the grant of an extension under Rule 16(b)(4) may present prejudice to the non-moving party, the primary inquiry in determining whether a scheduling order may be modified is whether the moving party acted diligently in attempting to meet the deadlines in the scheduling order. *Johnson, supra*, 975 F.2d. at 609 (9th Cir. 1992) (citation omitted).

Local Rule IA 6-1 supplements Rule 16(b)(4) and requires that "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." LR IA 6-1. Additionally, a motion to extend any date set by a scheduling order must be supported by a showing of good cause and must be received by the court by within 21 days of the subject deadline. LR 26-3. Where a party fails to request an extension before the expiration of the subject deadline, the extension will not be granted unless the movant demonstrates that the failure to act was due to excusable neglect. *Id*. Further, a motion to extend a discovery deadline must include: (i) a statement specifying the discovery completed; (ii) a specific description of the discovery that remains to be completed; (iii) the reasons why the deadline was not satisfied, or the remaining discovery was not completed within the time limits set by the discovery plan; and (iv) a proposed schedule for completing all remaining discovery. *Id.*

### IV.    ARGUMENT

#### A.  Plaintiffs' Motion is timely and satisfies the procedural requirements of Local Rule 26-3

Pursuant to Local Rule 26-3, "[a] motion to extend any date set by a scheduling order must be received by the court by no later than 21 days before the expiration of the subject deadline.

SHUMWAY•VAN

8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

Where a party brings a motion to extend dates set by a scheduling order within 21 days of the subject deadline, the party must also support its request with a showing of good cause. A party making such a request after the expiration of the subject deadline must demonstrate that its failure to act was the result of excusable neglect." LR 26-3.

Plaintiffs are filing this Motion on November 18, 2021, which is before the expiration of the November 19, 2021 deadline to amend the pleadings and add parties. ECF No. 62. Therefore, the Motion is timely.

In satisfaction of the procedural requirements of Local Rule 26-3, Plaintiffs offer the following:

**Statement Specifying the Discovery Completed:** Thus far, Plaintiffs have sent a first set of requests for admission, interrogatories, and requests for production to all Defendants on May 7, 2021. Goodman Decl., ¶ 7. The sufficiency of Defendants' objections and October 8, 2021 supplemental responses are subject to Plaintiffs' motions to compel, for which a ruling is pending. ECF No. 100. On September 24, 2021, Defendants sent Plaintiffs their first set of requests for admission, interrogatories, and requests for production. Goodman Decl., ¶ 7. Plaintiffs are in the process of preparing responses, currently due on the extended deadline of December 3, 2021. *Id.*

**Specific Description of the Discovery That Remains to be Completed:** Significant discovery remains to be completed, including, but not limited to: third-party subpoenas; depositions of all Defendants; depositions of Plaintiffs; written discovery to Plaintiffs; further written discovery to Defendants, depending on any further responses to Plaintiffs' First Set of Written Discovery that may be compelled by Court order. Goodman Decl., ¶ 8.

**Reasons Why the Deadline Was Not Satisfied or the Remaining Discovery Was Not Completed Within the Time Limits Set by the Discovery Plan:** Plaintiffs will be unable to meaningfully decide whether to amend the pleadings or add parties by November 19, 2021. Goodman Decl., ¶ 9. Although the Court has denied Defendants' Motion to Dismiss (ECF No. 76), Plaintiffs have not received meaningful discovery responses from Defendants, which has prevented them from making an educated decision on whether to amend the pleadings or add parties. *Id.* As the SEC's Complaint indicates, the alleged fraudulent scheme has more layers to it

SHUMWAY•VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

1 than Plaintiffs realized when they filed the Complaint on November 5, 2020. *Id.* Plaintiffs should

2 not be foreclosed from amending the pleadings or adding parties because Defendants have not

3 cooperated in the discovery process. *Id.*

4     Plaintiffs have made diligent efforts to pursue the discovery they need to meaningfully

5 evaluate whether to amend the pleadings or add parties as a result of the SEC's allegations of more

6 wide-ranging fraud. Goodman Decl., ¶ 10. However, because Plaintiffs were forced to file motions

7 to compel, and a ruling is pending, they will need more time to meaningfully evaluate whether or

8 not to amend the pleadings or add parties and complete discovery. *Id.* Given that the alleged

9 fraudulent scheme is so wide-ranging that the SEC alleged it could involve approximately $45

10 million (*see* ECF No. 46-2 at ¶ 1), and Defendants have vehemently opposed all Plaintiffs'

11 discovery efforts, there is good cause for an extension of 180 days to the dates in the scheduling

12 order. Goodman Decl., ¶ 10.

13       **Proposed schedule for completing all remaining discovery:**

14       Discovery Cut-Off – August 22, 2022

15       Amending the Pleadings and Adding Parties – May 19, 2022

16       Expert Disclosures – June 21, 2022

17       Rebuttal Expert Disclosures – July 20, 2022

18       Dispositive Motions – September 22, 2022

19 Goodman Decl., ¶ 10.

20     **B. Good cause exists for the proposed 180-day extension because Plaintiffs have**

21       **been diligent in attempting to investigate whether or not to expand the scope**

22       **of their Complaint and meet the initial deadlines in the Scheduling Order**

23     The Court may modify a scheduling order if a party demonstrates "good cause." FED. R.

24 CIV. P. 16(b)(4). "Good cause" sufficient to warrant the modification of a scheduling order exists

25 where the party seeking modification has demonstrated diligence in attempting to meet the

26 deadlines in the scheduling order. *Johnson,* 975 F.2d. at 609. Other factors considered by the court

27 include: (i) whether trial is imminent; (ii) prejudice to the non-moving party; (iii) the foreseeability

28 of the need for additional discovery in light of the extended time allowed for discovery; and (iv)

the likelihood the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). However, even where the grant of an extension under Rule 16(b)(4) presents prejudice to the non-moving party, the Court's primary inquiry in determining a motion to modify a scheduling order is whether the moving party acted diligently. *Johnson, supra*, 975 F.2d. at 609.

There is good cause to modify the current Scheduling Order because Plaintiffs have diligently attempted to comply with the order but cannot reasonably meet the schedule. As referenced above, Plaintiffs have made diligent efforts to pursue the discovery they need to meaningfully evaluate whether to amend the pleadings or add parties as a result of the SEC's allegations of more wide-ranging fraud. Goodman Decl., ¶ 10. However, because Plaintiffs were forced to file motions to compel, and a ruling is pending, they will need more time to meaningfully evaluate whether or not to amend the pleadings or add parties and complete discovery. *Id.*

The remaining factors considered by courts in determining whether modification of a scheduling order is warranted also favor the grant of the requested extension. First, trial in this action is set to occur no sooner than March 2022.  Accordingly, trial is not sufficiently imminent to justify an outright denial of Plaintiffs' Motion. Second, Defendants will not suffer any prejudice should the Court grant Plaintiffs the requested modification. Here, Defendants have yet to conduct several additional items of discovery, and their discovery misconduct is the primary reason why Plaintiffs have been unable to meaningfully evaluate whether or not to amend the pleadings and/or add parties. If anything, this Motion could have been avoided had Defendants provided non-evasive, substantive discovery responses and documents. Third, an extension would lead to the discovery of critical and relevant evidence, including evidence that may lead to an amendment of the pleadings to further capture the details of Defendants' alleged fraudulent scheme.

## V.    CONCLUSION

Plaintiffs have diligently attempted to comply with the Court's Scheduling Order but cannot reasonably meet certain deadlines set forth therein, namely the deadline to amend the pleadings and/or add parties. Whereas Defendants will not be prejudiced by a modification to the Scheduling Order, Plaintiffs will suffer significant prejudice if they cannot meaningfully evaluate

SHUMWAY • VAN

8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

whether or not to amend the pleadings and/or add parties. Defendants could attempt to mislead the Court and/or the jury about the full scope of the fraudulent scheme, which, according to the SEC, may involve up to $45 million. *See* ECF No. 46-2 at ¶ 1 Accordingly, good cause exists for the Court to modify the Scheduling Order and to extend all dates in the discovery plan by 180 days. Plaintiffs therefore respectfully request that the Court enter the proposed modified scheduling order, filed concurrently herewith.

DATED: November 18, 2021                     Respectfully submitted.

By:  ___/s/ Andrew B. Goodman_____
        MICHAEL C. VAN, ESQ. #3876
        GARRETT R. CHASE, ESQ. #14498
        **SHUMWAY VAN**
        8985 S. Eastern Ave., Suite 100
        Las Vegas, Nevada 89123

        FARHAD NOVIAN
        ANDREW B. GOODMAN
        ALEXANDER BRENDON GURA
        (admitted pro hac vice)
        **NOVIAN & NOVIAN, LLP**
        1801 Century Park East, Suite 1201
        Los Angeles, CA  90067
        *Attorneys for Plaintiffs*

## ORDER

Before the Court is Plaintiffs' motion to continue all dates in the Discovery Plan and Scheduling Order ("DPSO") by 180 days. ECF No. 106. Defendants agree to this request, except they oppose Plaintiffs' request to also extend the deadline to amend the pleadings and add parties by any time period, arguing that Plaintiffs have not established the requisite good cause. *See* ECF Nos. 108 and 109. Plaintiffs replied at ECF No. 110.

The Court finds that Plaintiffs have established good cause to continue all dates in the DPSO, including the deadline to amend the pleadings and add parties, by 180 days. Accordingly, **IT IS ORDERED** that ECF No. 106 is **GRANTED. IT IS FURTHER ORDERED** that the hearing set for 1/6/2022 is hereby **VACATED.**

**IT IS SO ORDERED**
**DATED:** 3:27 pm, January 05, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

S HUMWAY • V AN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

9

SHUMWAY • VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the above document on November 18, 2021, via the Court's CM/ECF system.  Any other parties or counsel of record will be served by regular and/or electronic mail.

/s/ Andrew B. Goodman
Andrew B. Goodman

PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER AND DISCOVERY PLAN TO CONTINUE ALL DATES BY 180 DAYS