UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIA TSATAS, *et al.* | Case No. 2:20-cv-02045-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| AIRBORNE WIRELESS NETWORK, INC., *et al.* | |
| Defendants. | |

### I.   INTRODUCTION

Before the Court are Defendants' Motion to Compel Arbitration (ECF No. 122) Motion to Dismiss (ECF No. 153).

For the foregoing reasons, the motions are denied.

### II.   PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint on November 5, 2020. ECF No. 1. Defendants filed a Motion to Dismiss on January 22, 2021. ECF No. 39. The parties briefed the motion. ECF Nos. 40, 42. The Court denied Defendants' Motion to Dismiss. ECF No. 76.

On March 8, 2022, Defendants filed the instant Motion to Compel Arbitration. ECF No. 122. Defendant Kelly Kabilafkas filed a Joinder. ECF No. 123. Plaintiffs filed a Response. ECF No. 125. Defendants filed a Reply on March 29, 2022, ECF No. 128, and Defendant Kabilafkas filed a Joinder, ECF No. 129.

On July 19, 2022, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 152. On August 2, 2022, Defendants filed a Motion to Dismiss. ECF No. 153. Defendant Kabilafkas filed

a joinder. ECF No. 154. Plaintiffs filed a Response, ECF No. 155, and objected to Defendants' request for judicial notice in support of their motion to dismiss, ECF No. 156. Defendants filed a Reply. ECF No. 157.

The Court held a motion hearing on the pending motion to compel arbitration and motion to dismiss on March 23, 2023. ECF No. 200.

### III.   MOTION TO COMPEL ARBITRATION, ECF NO. 122

#### a. Legal Standard

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides two methods for enforcing arbitration: (1) an order compelling arbitration of a dispute; and (2) a stay of pending litigation raising a dispute referable to arbitration. Id. §§ 3, 4.

The FAA limits the district court's role to determining (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. Nguyen v. Barnes & Noble Inc., 763 F.3d 1171, 1175 (9th Cir. 2014). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983). Thus, "[t]he standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the Act is phrased in mandatory terms." Republic of Nicar. v. Std. Fruit Co., 937 F.2d 469, 475 (9th Cir. 1991). Accordingly, "district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original); 9 U.S.C. § 4.

Lastly, section 3 of the FAA provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. 9 U.S.C. § 3. Although the statutory language supports a mandatory stay, the Ninth Circuit has interpreted this provision to allow a

district court to dismiss the action. See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988). A request for a stay is not mandatory. Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978).

### b. Discussion

### i. The Agreement to Arbitrate

Defendants seek to compel to compel arbitration only as to Plaintiff Leonidas Valkanas as Trustee of the Keet Trust dated August 1, 2015 and its causes of action for Intentional Interference with Contractual Relations and Breach of Contract.[1] For the reasons discussed below, the Court denies Defendants' motion to compel arbitration.

On August 31, 2015, the Keet Trust entered into a written consulting agreement with Apcentive, Inc. Pursuant to that agreement, Keet would provide Apcentive strategic advisory services, for at least 18 months. These services included, but were not limited to, helping Apcentive with various business related strategies and development and introducing it to potential funding sources and customers. Apcentive agreed to compensate Keet for these services, including, among other things, compensating Keet with a finder's fee, cash payments, and "one (1) option per each share purchased." Paragraph 10, Exhibit A of the Consulting Agreement provided the following arbitration provision:

> "10. Governing Law. Regardless of the place of execution or performance, this Agreement and any related indemnification and confidentiality agreements between the parties will be deemed made in California. All actions arising hereunder or in connection herewith will fall under the exclusive jurisdiction and venue of the American Arbitration Association located in Los Angeles. CA and each of the parties hereto hereby agrees to the personal jurisdiction and venue of said arbitrator. The parties hereto agree to service of process by certified mail or receipted courier. Any right to trial by jury with respect to any claim or proceeding related to or arising out

---

[1] This motion to compel arbitration was filed before Plaintiffs filed the operative FAC. Defendants motion seeks to compel arbitration as to the Fifth (Intentional Interference with Contractual Relations) and Sixth (Breach of Contract) Causes of Action, as alleged in the original complaint. Now, under the FAC, those causes of action are the Sixth and Seventh Causes of Action. Further, whereas Airborne was at least named in the original complaint's breach of contract cause of action, that is no longer the case in the FAC. Additionally, other than alleging that Airborne failed to honor the Consulting Agreement, the FAC no longer seems to allege that the agreement was transferred to or assumed by Airborne, following execution of the Intellectual Property Purchase Agreement at issue in this case.

of this engagement, or any transaction or conduct in connection herewith, is waived."

ECF No. 122-1 at 9 (emphasis added). The parties do not dispute that this is a valid, binding agreement to arbitrate between Plaintiff Keet and Defendant Apcentive. Rather, the parties disagree over whether Defendants waived their right to enforce the Consulting Agreement's arbitration provision. For the reasons discussed below, the Court finds that Defendants indeed did.

### ii. Applicable Law

"A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 694 (9th Cir. 1986). As the right to arbitrate is a contractual one, waivers of the right to arbitrate are disfavored, and "any party arguing waiver . . . bears a heavy burden of proof." Id.

### iii. Application

#### 1. Knowledge of Existing Right

First, the Court finds that both parties knew of the existing right to arbitrate pursuant to the Consulting Agreement, as early as August 31, 2015, when the agreement was signed by both parties. Indeed, after the agreement was drafted, Leonidas Valkanas was told to return a fully executed version of the agreement by mailing a signed version to Robert Bruce Harris. Valkanas, on Keet's behalf, and Harris, on Apcentive's behalf, signed the Consulting Agreement on or around August 31, 2015. Defendants' argument that they did not know of this arbitration provision because Harris forgot it existed is of no moment. "[I]t cannot be said that [either party] lacked knowledge of the right to compel arbitration. The contract itself called for arbitration of disputes." Hoffman Const. Co. of Oregon v. Active Erectors & Installers, Inc., 969 F.2d 796, 798 (9th Cir. 1992); accord Mitchell v. CoreLogic, Inc., No. 17-CV-2274, 2019 WL 6481306, at *5 (C.D. Cal. April 9, 2019) ("Knowledge of a contractual right to arbitrate is imputed to the contract's drafter."); Hansen v. Musk, No. 19-CV-00413, 2020 WL 4004800, at *5 (D. Nev. July 15, 2020) (finding that "all parties have been aware of defendants' right to compel arbitration since December 17,

2019, at the earliest" because "[b]oth the Tesla Parties and Hansen knew of the arbitration agreement when it was signed by Hansen on July 7, 2018").

This element is satisfied.

### 2. Acts Inconsistent with that Existing Right

Second, the Court finds that Defendants engaged in acts inconsistent with the existing right to arbitrate. "[T]his element [is] satisfied when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." Martin v. Yasuda, 829 F.3d 1118, 1125 (9th Cir. 2016). A "party's extended silence and delay in moving for arbitration may indicate a conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to arbitrate." Id.; see, e.g., id. ("finding waiver when party answered complaints, moved to dismiss the action, and did not claim a right to arbitration in any of the pleadings"). This case was filed on November 5, 2020. Defendants were served with the summons and complaint, in December 2020. On January 22, 2021, Defendants filed a Motion to Dismiss all claims on the merits. On September 3, 2021, the Court denied Defendants' motion to dismiss the Complaint. Shortly after, and even though Defendants unsuccessfully attempted to stay discovery pending the outcome of the motion to dismiss, the Defendants engaged in discovery. Defendants also answered the Complaint on November 2, 2021. The motion to compel was finally filed on March 8, 2022. The Court finds that Defendants, over the span of fourteen months, starting with their January 2021 motion to dismiss, sought to take advantage of litigating in federal court by attempting to get this case dismissed on the merits.

This element is also satisfied.

### 3. Prejudice Against Plaintiffs

Finally, the Court finds that Plaintiffs have met their burden of proof showing that they will be prejudiced if Plaintiff Keet is compelled to arbitrate its Sixth and Seventh Causes of Action against Defendants. "To prove prejudice, plaintiffs must show more than 'self-inflicted' wounds that they incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement." Martin, 829 F.3d at 1126 (quoting Fisher, 791 F.2d at 698). "Such wounds

include costs incurred in preparing the complaint, serving notice, or engaging in limited litigation regarding issues directly related to the complaint's filing, such as jurisdiction or venue. In contrast, in order to establish prejudice, the plaintiffs must show that, as a result of the defendants having delayed seeking arbitration, they have incurred costs that they would not otherwise have incurred, that they would be forced to relitigate an issue on the merits on which they have already prevailed in court, or that the defendants have received an advantage from litigating in federal court that they would not have received in arbitration." Id. at 1126–27 (citations omitted).

The Court finds that Plaintiffs have shown more than "self-inflicted" wounds. Defendants failed to move for arbitration for fourteen months. Plaintiffs have considerable time and money engaging the instant litigation, "including conferring with opposing counsel regarding how to conduct the case on the merits, analyzing how to approach discovery . . ., and contesting [] [D]efendants' [January 2021] motion to dismiss on the merits." Martin, 829 F.3d at 1128. "Moreover, [] [P]laintiffs have shown prejudice here because, should this case go to arbitration, they would have to relitigate a key legal issue on which the district court has ruled in their favor." Id. Defendants' January 2021 motion requested "that each and every cause of action in Plaintiffs' Complaint be dismissed entirely without leave to amend" for failure to state a claim. ECF No. 39 at 25 (emphasis added). On September 3, 2021, the Court denied Defendants' motion to dismiss. Indeed, even though it was "without prejudice," the Court found that, on the merits, Plaintiffs had adequately pled their claims.

Therefore, this element is met.

For the above reasons, the Court concludes that Defendants waived their right to compel Plaintiff Keet to arbitrate its Sixth and Seventh Causes of Action, as alleged in the FAC. Therefore, Defendants motion to compel arbitration is denied.

**IV.    MOTION TO DISMISS, ECF NO. 153**

As in their previous motion to dismiss the original complaint, Defendants now seek to dismiss Plaintiffs' FAC for its failure to state a claim upon which relief can be granted and for failure to comply with Federal Rule of Civil Procedure 9(b).

///

During the motion hearing, the Court asked Defendants' counsel what, if anything, had materially changed between the original complaint and the FAC that would warrant a different outcome following its denial of Defendants' previous motion to dismiss. Defendants asserted that, in the original complaint, Plaintiffs alleged that the officers, directors, and insiders had somehow helped themselves to unrestricted shares while the rank and file got only restricted. The FAC dropped that theory, instead alleging that there was a failure to disclose that Airborne had publicly traded shares. Plaintiffs' counsel disagreed, contending that the FAC is not significantly different from the original complaint that the Court previously upheld. Moreover, counsel represented that the new causes of action were based on the same common nucleus of facts.

For the reasons discussed below, the Court denies Defendants' motion to dismiss.

### a. Legal Standard

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To meet the particularity requirement of Rule 9(b), the complaint must identify the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quoting Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)).

Defendants raise various arguments for why the Court should dismiss Plaintiff's FAC. The Court, in turn, considers and rejects each.

### b. Whether Plaintiffs Fail to Allege that Defendants Owe Plaintiffs Any Legal Cognizable Duty

Defendants first argue that Airborne, Warren, Daniels, Marius De Mos, and Jason De Mos owed no duty of disclosure under Nevada law, and even if they did, that duty is owed to the corporation, led by its officers and directors, not Plaintiffs. Defendants assert that Plaintiffs cannot point to any Nevada law to support their contention that Defendants committed fraud and breached fiduciary duties by failing to make disclosures about Airborne stock to Apcentive shareholders while negotiating and drafting the Intellectual Property Purchase Agreement. In opposition, Plaintiffs argue that their breach of fiduciary duty claim sufficiently pleads a breach of the duty of loyalty, and not a breach of any duty to disclose. Further, Plaintiffs have sufficiently alleged a breach of the fiduciary duty of loyalty.

The Court finds that the FAC plausibly alleges that Defendants owed a legally cognizable duty. To allege a breach of fiduciary duty, a plaintiff must plead the following: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." Klein v. Freedom Strategic Partners, LLC, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009). "Ordinarily, under Nevada's corporations laws, a corporation's board of directors has full control over the affairs of the corporation." Shoen v. SAC Holding Corp., 137 P.3d 1171, 1178 (Nev. 2006), abrogated on other grounds by Chur v. Eighth Jud. Dist. Ct. in & for County of Clark, 458 P.3d 336 (Nev. 2020), and Guzman v. Johnson, 483 P.3d 531 (Nev. 2021) (footnote omitted). "The

board's power to act on the corporation's behalf is governed by the directors' fiduciary relationship with the corporation and its shareholders, which imparts upon the directors duties of care and loyalty." Id. (footnotes omitted). "[T]he duty of loyalty requires the board and its directors to maintain, in good faith, the corporation's and its shareholders' best interests over anyone else's interests." In re Amerco Derivative Litig., 252 P.3d 681, 700–01 (Nev. 2011).

The FAC explicitly alleges that: "As directors and officers of [Airborne], Warren, Daniels, Marius De Mos, and Jason De Mos owe fiduciary duties of loyalty to shareholders, such as Plaintiffs, to maintain in good faith the shareholder's best interests over anyone else's interests." Further, the FAC alleges that these Defendants' "breaches of their fiduciary duties of loyalty to Plaintiffs involved intentional misconduct, knowing violations of the law, and fraud, whereby Warren, Daniels, Marius De Mos, and Jason De Mos were able to sell their Airborne shares at significant profits that Plaintiffs were restricted from attaining." Thus, liberally construing the FAC in Plaintiffs' favor, Plaintiffs plausibly allege that these Defendants owed them a duty of loyalty. The Court also finds that Plaintiffs alleged this duty of loyalty is also alleged in the original complaint.

### c. Whether the FAC Fails to Comply with NRS 78.138(7) and Whether the FAC's Common Law Causes of Action Would be Subsumed in a NRS 78.138(7) Claim

Second, Defendants argue that, pursuant to NRS § 78.138(7), Nevada only allows for a single form of action against officers and directors. Here, Defendants contend that Plaintiffs have neither pled a cause of action or the elements for violation of NRS § 78.138(7). Therefore, all their common law causes of action, including for fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligent misrepresentation, unjust enrichment, and intentional interference with contractual relations should be dismissed. Plaintiffs respond that Defendants misread NRS § 78.138(7). The statute does not require that it be pled as a separate cause of action nor are the other common law causes of action mentioned by Defendants subsumed by the statute. Plaintiffs instead construe NRS § 78.138(7) as requiring additional pleading standards for suing directors and officers of a corporation, standards they contend the FAC sufficiently pleads.

Moreover, they argue that the statute is not the sole avenue for pursuing the liability alleged pursuant to the FAC's common law causes of action against Defendants.

The Court finds that Plaintiffs have neither failed to comply with NRS § 78.138(7), nor that their common law causes of action must be subsumed into a NRS § 78.138(7) cause of action. Under NRS § 78.138(7), "a director or officer [is only individually liable to the corporation or its stockholders if]: (a) The presumption established by [the business judgment rule] has been rebutted; and (b) It is proven that: (1) The director's or officer's act or failure to act constituted a breach of his or her fiduciary duties as a director or officer; and (2) Such breach involved intentional misconduct, fraud or a knowing violation of law." To rebut the presumption that the business judgment rule affords, a plaintiff must allege conduct where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation, where the fiduciary acts with the intent to violate applicable positive law, or where the fiduciary intentionally fails to act in the face of a known duty to act, demonstrating a conscious disregard for his duties." Oswald on Behalf of Identiv Inc. v. Humphreys, 806 F. App'x 577, 580 (9th Cir. 2020).

Indeed, while the FAC fails to explicitly cite NRS § 78.138(7), the Court finds that, liberally construing the FAC in Plaintiffs' favor, the FAC sufficiently alleges facts that comply with NRS § 78.138(7)'s requirements. The FAC alleges that these Defendants breached their fiduciary duties to Plaintiffs by fraudulently misrepresenting that all shares of Airborne were restricted, when, in fact, they did not have such restrictions. Unlike Plaintiffs, they had access to unrestricted shares and/or options separate from the 40 million block exchanged for Apcentive's intellectual property, from which they were able to expropriate value from the company at the expense of investors, such as Plaintiffs. The FAC also alleges these Defendants failure to act constituted a breach their fiduciary duty of loyalty and that the breach involved intentional misconduct, fraud or a knowing violation of law.

Additionally, the Court rejects Defendants' all-common-law-claims-are-subsumed-by-NRS-78.138(7) argument. Defendants' reading of Chur, 458 P.3d and Guzman, 483 P.3d, for this proposition is untenable. Instead, as Plaintiffs argue, the Nevada Supreme Court has interpreted NRS § 78.138(7) to require certain pleading standards be met when suing officers and directors of

a corporation, including for breach of fiduciary duties. The Court does not read either decision to foreclose other causes of action against directors and officers except those explicitly brought under NRS § 78.138(7). Defendants also cite to no subsequent case law interpreting either of these cases in this manner. This Court has also previously allowed common law claims to proceed against directors and officers, even after these two Nevada Supreme Court cases were decided. See Streeter v. Izadi, No. 18-CV-01916, 2021 WL 4301480, at *5 (D. Nev. Sept. 21, 2021).

### d. Whether the FAC Fails to Plausibly Allege Fraud Under Rule 9(b)

Third, Defendants argue that Plaintiffs have not pled fraud to the standard required by Rule 9(b). Plaintiffs disagree, arguing that the FAC's fraud-based claims satisfy Rule 9(b) requirements, as they did before in the original complaint. The Court previously found that Plaintiffs' original complaint stated plausible claims for relief under the Rule 9(b) standard. The Courts finds that the FAC removed the conversion cause of action and replaced it with two new causes of action: negligent misrepresentation against Defendants Airborne Wireless Network, Inc. ("Airborne"), Apcentive, Harris, and J. Edward Daniels and unjust enrichment against Defendants Daniels, Kabilafkas, Michael J. Warren, Marius De Mos, and Jason De Mos. The FAC also adds more allegations to the fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty causes of action. Defendants do not argue that the new causes of action (negligent misrepresentation and unjust enrichment) fail to plausibly allege claims for relief. Therefore, the Court finds that the FAC does not fail to plausibly allege fraud under Rule 9(b).

### e. Whether the Court Should Take Judicial Notice of Defendants SEC Filings

"A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. But a court may not take judicial notice of a fact that is "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); see also Fed. R. Evid. 201(b).

Defendants attach a request for judicial notice in support of their motion to dismiss that includes over 400 pages of SEC filings from 2012, 2013, and 2017 before and after the Intellectual Property Purchase Agreement was executed to show that no information at issue in this action was

hidden from Plaintiffs. Defendants contend that the Court may consider these pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine. Plaintiffs oppose this request, contending that they are not relevant to the FAC's breach of duty of loyalty legal theory, and they also dispute the authenticity of the documents. Because there is a dispute as to the authenticity of the documents, the Court denies Defendants' request.

## V. CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Compel Arbitration (ECF No. 122) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 153) is DENIED.

**DATED:** March 31, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**