# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Maria Tsatas, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Airborne Wireless Network, Inc., *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02045-RFB-BNW<br><br>**ORDER** |

Before this Court is Plaintiffs' Motion to Compel. ECF No. 194. Plaintiffs filed a Notice of Non-Opposition. ECF No. 196. Defendants opposed. ECF No. 197. Plaintiffs replied. ECF No. 198.

The parties are familiar with the arguments. As a result, this Court only repeats them as necessary.

The issue is whether Defendants should be compelled to respond to Request for Production Nos. 36 and 37. RFP No. 36 requests Defendant Harris to produce federal and state tax returns, including those filed for individual, business, and partnership, for 2016-2018. RFP No. 37 requests the same from Defendants Jason De Mos, Marius De Mos, and Michael Warren. The responses to these Requests state, as relevant: "not relevant or proportional;" "invades right to privacy."

**I.      Whether Defendants' Response is Timely**

This Court agrees that Defendants were aware the response date was March 10, 2023. ECF No. 190. Nevertheless, the automatic minutes that generate whenever a motion is filed stated the response would be due March 17, 2023. ECF No. 194. In addition, Defendants represent they contacted the courtroom deputy to confirm the due date for the opposition.[1] Based on the docket

---

[1] LR IA 7-2(c) states communications with courtroom deputies regarding non substantive issues are not prohibited.

confusion regarding the applicable deadline and the steps Defendants took to ascertain the correct deadline, this Court accepts Defendants' late opposition in the exercise of its discretion.

## II. November 7, 2022 Informal Discovery Conference

Both parties agree that during the IDC, this Court informed the parties that, if presented with a motion, it would be inclined to order Defendants to produce tax returns for the previous two years.

Plaintiffs argue this Court's noted inclination was in reference to the claim of punitive damages—and not in reference to any other requests. They explain the instant request is relevant to their unjust enrichment claim, which was not covered by this Court's pronouncements during the IDC.

Defendants take the view that this precise issue (as it related to punitive damages *and* the claim of unjust enrichment) has already been discussed with this Court and that Plaintiffs are now coming back a second time to ask for what this Court previously denied.

The IDC is simply a conference through which this Court can guide the parties regarding discovery disputes in hopes it will contain parties' costs and avoid the need to litigate certain matters. Nothing prevents Plaintiffs from filing a motion seeking a formal order from this Court regarding issues previously discussed during an IDC. Even assuming that Defendants are correct that this precise issue was discussed during the IDC, this Court would still need to evaluate Plaintiffs' motion to compel and apply the law in reaching a result.

## III. Motion to Compel

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (concluding that the 2015 amendments to discovery rules did not alter the allocation of burdens). The party resisting

discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.,* 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

This Court agrees with Plaintiffs that Defendants' responses are boilerplate, which is tantamount to interposing no objections at all. *Reinsdorf v. Skechers U.S.A., Inc.,* No. CV 10-7181 DDP (SSX), 2013 WL 12116416 (C.D. Cal. Sept. 9, 2013). What is more, Defendants do not even attempt to defend their objections in a more substantive fashion in their opposition. Defendants have not met their burden of showing why discovery should not be permitted. As a result, Defendants must comply with these requests within 10 days of this Order.

**IV.   Fees**

This Court finds that Defendants' position was substantially justified as the dispute at issue is genuine and reasonable people could differ as to the appropriateness of the contested action. As a result, the Court will not impose Rule 37 fees. Fed. R. Civ. P. 37(a)(5)(A).

**V.   Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (ECF No. 194) is GRANTED.

**IT IS FURTHER ORDERED** that the hearing set for April 14, 2023 is VACATED.

DATED: April 11, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE