# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA TSATAS, *et al.*, | Case No. 2:20-cv-2045-RFB-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| AIRBORNE WIRELESS NETWORK, INC., *et al.*, | |
| Defendants. | |

Before the Court is the Motion to Dismiss (ECF No. 236) by Defendants Airborne Wireless Network, Inc., and Apcentive, Inc., (collectively the "Corporate Defendants"). For the reasons set forth below, the Motion to Dismiss is granted, and the Ten Named Plaintiffs[1] are dismissed.

## I. BACKGROUND

On November 5, 2020, 43 Plaintiffs filed a complaint against Defendants. ECF No. 1. On May 16, 2022, the Court granted Defendants' Motion for Leave to Depose All Plaintiffs. ECF No. 145. On October 18, 2023, the Court granted counsel for Plaintiffs' Motion to Withdraw as Counsel for the Ten Named Plaintiffs for lack of cooperation. ECF Nos. 218, 219. On the same day, October 18, the Court set a Status Check as to whether the Ten Named Plaintiffs wished to obtain new counsel or continue to pursue their claims *pro se*. ECF No. 219. The Ten Named Plaintiffs did not respond. On November 8, 2023, the Court ordered the Ten Named Plaintiffs to show cause and identify whether each individual plaintiff wished to continue prosecuting this

---

[1] The instant Motion to Dismiss addresses only ten of the 43 Plaintiffs in this matter. Those Plaintiffs are (1) Sofia Kardaras, (2) Jimmy Asmaklis, (3) Michael Bescec, (4) Ernest Leboeuf, (5) Phillipe Legault, (6) Eftihios Listakis, (7) Giovanni Moncada, (8) Jaradeh Salim, (9) Hani Hamam, and (10) Constantin Zissis. For simplicity, they will be referred to collectively as the "Ten Named Plaintiffs" or simply the "named Plaintiffs" within this Order.

matter, and, if so, whether they will participate *pro se* or retain new counsel. ECF No. 223. No Response was filed. On December 21, 2023, the Corporate Defendants filed the instant Motion to Dismiss. ECF No. 236. No party filed an Opposition or other Response.

The Court's Order follows.

## II. LEGAL STANDARDS

District courts have inherent power to control their dockets. Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). In the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal. Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 628 (1961). A Court may dismiss *sua sponte* or on the motion of a Defendant under Federal Rule of Civil Procedure 41(b); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the public policy favoring disposition of cases on their merits." In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is a harsh remedy, however, and should only be imposed in "extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

## III. DISCUSSION

The Court now considers the Corporate Defendant's Motion to Dismiss. The Court evaluates each of the Rule 41(b) factors in turn. For the following reasons, the Court grants the unopposed Motion to Dismiss.

### A. The Public's Interest in Expeditious Resolution of Litigation

First, "the public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Here, the public's interest in expeditious resolution is particularly acute given the Named Plaintiff's noncooperation with counsel as well

Case 2:20-cv-02045-RFB-BNW   Document 295   Filed 09/29/24   Page 3 of 4

as the Court creating additional, unnecessary delays in litigation. Therefore, the Court finds that this factor weights strongly for dismissal.

### B. The Court's Need to Manage its Docket

Secondly, "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642 (quoting Ferdik v. Bonzelet, 963 F.2d at 1261 (9th Cir. 1992)). Here, the Named Plaintiffs have failed to cooperate in discovery and repeatedly ignored Court orders. Therefore, the Court also finds that this factor strongly favors dismissal of the Ten Named Plaintiffs.

### C. The Risk of Prejudice to Defendants

Third, the Court must examine prejudice in conjunction with the plaintiff's reason for delay. Id. at 642. When considering the relationship between delay and prejudice, the Court must consider the prejudice that comes in two forms: "loss of evidence and loss of memory by a witness." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th Cir. 1980). "In every case of delay, a district court in the exercise of its discretion should consider whether such losses have occurred and if so, whether they are significant." Id. at 1281. Here, the Named Plaintiffs' refusal to submit to deposition and participate in discovery for their claims has prejudiced the Corporate Defendants by preventing the collection of relevant evidence in the first place. Additionally, "unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643. Taken together, the Court finds the prejudice from this delay significant. This factor thus strongly weighs in favor of dismissal.

### D. Public Policy of Favoring Disposition of Cases on their Merits

Fourth, "public policy favors disposition of cases on the merits, and thus, this factor always weighs against dismissal." Id. at 643.

### E. Availability of Less Drastic Alternatives

Lastly, the Court has considered less drastic alternatives. However, the Court "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). The Court cannot proceed unless the named Plaintiffs notify the Court of their intent to prosecute

- 3 -

and, if so, if they would proceed *pro se* or with counsel. This alternative order from the Court would be the third of its kind throughout the timeline of the case. The repetition of a previously an ignored order often only delays the inevitable and squanders the Court's finite resources. Therefore, the Court finds this factor to weigh in favor of dismissal.

The Court finds that four out of the five factors weigh in favor of dismissal against the named Plaintiffs for lack of prosecution under Federal Rules of Civil Procedure 41(b). Taken together, the Court finds the substantial weight of all five factors counsel for dismissal without prejudice at this stage. Therefore, dismissal is warranted and appropriate.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Airborne Wireless Network, Inc., and Apcentive, Inc.'s Motion to Dismiss (ECF No. 236) is **GRANTED.** The following Plaintiffs are **DISMISSED** without prejudice: Sofia Kardaras, Jimmy Asmaklis, Michael Besec, Ernest Leboeuf, Phillipe Legault, Eftihios Listakis, Giovanni Moncada, Jaradeh Salim, Hani Hamam, and Constantin Zissis.

**DATED:** September 29, 2024.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**