**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Maria Tsatas, et al., | Case No. 2:20-cv-02045-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Airborne Wireless Network, Inc., et al., | |
| Defendants. | |

Before this Court is Plaintiff's counsel's motion to withdraw as attorney. ECF No. 338. Defendants filed a notice of non-opposition. ECF No. 340. Plaintiff filed an opposition along with a request for in-camera review. ECF No. 344. Plaintiff's counsel replied. ECF No. 346. Plaintiff filed a sur-reply.[1] *See* ECF Nos. 347, 348. For the reasons discussed below, this Court grants Counsels' motion to withdraw.

**I.    DISCUSSION**

**A. Legal Standard**

Under Local Rule IA 11-6, an attorney who seeks to withdraw must file a motion to do so and serve it on the client and opposing counsel. Withdrawal will not be approved if it will result in delay of the case, unless the attorney shows good cause. LR IA 11-6(e). "An attorney may withdraw from a case unless there is a compelling reason for continued representation". *Sec. & Exch. Comm'n v. Beasley*, No. 2:22-cv-0612-CDS-EJY, 2022 WL 16823311, at \*1 (D. Nev. Aug. 9, 2022) (citing *Hepple v. Kulge*, 104 Cal. Ap. 2d 461, 462 (1951)). Thus, when evaluating a motion to withdraw, the court may consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case. *Id.*

---

[1] The reply and sur-reply were also submitted for in-camera review.

### B. Analysis

The two firms representing Plaintiffs'—Novian & Novian, LLP and VC2 law—move to withdraw as attorneys for Plaintiffs.[2] ECF No. 338. First, Counsel argues that withdrawal can be accomplished without material adverse impact on the clients' interests because there is no trial date set and Plaintiffs have time to retain new counsel. *Id.* at 3.[3] Second, Counsel argues that Plaintiffs have failed to fulfill their obligations to them as they have not paid Novian & Novian since March 2023 and VC2 since March 2024. ECF No. 346 at 5; ECF No. 346-3 at 1.[4] In their reply, Counsel also argues that continuing to represent Plaintiffs would place an unreasonable burden on both firms due to Plaintiffs' continued failure to pay and that they fundamentally disagree with lead plaintiff Maria Tsatas as to litigation strategy. ECF No. 346 at 14–15.

Ms. Tsatas argues that Plaintiffs would be materially affected by the withdrawal of Counsel because there would not be enough time for a replacement attorney to familiarize themselves with the case before Plaintiffs want to go to trial. ECF No. 344 at 17–18. Additionally, Plaintiffs would be materially affected by the added fees related to finding a new attorney. *Id.* at 18. Ms. Tsatas also argues that Plaintiffs have not failed to fulfill their obligations to Counsel and that they were not given a reasonable warning that their attorneys were going to withdraw. *Id.* In Plaintiffs' sur-reply, Ms. Tsatas adds that Counsel will not be financially burdened by continuing to represent Plaintiffs and that the only thing Plaintiffs and Counsel have disagreed on is pursuing attorney fees. ECF No. 347 at 37.

There is no compelling reason to deny Counsel's motion under the first three *Beasley* factors. *See Beasley*, 2022 WL 16823311, at *1. First, Counsel provided multiple reasons under the Nevada Rules of Professional Conduct as to why they wish to withdraw.[5] Second, any

---

[2] The motion to withdraw includes a certificate of service stating that a copy of the motion was served on Plaintiffs and opposing counsel as required by Local Rule IA 11-6.

[3] Citations correspond to documents submitted in camera.

[4] ECF No. 346-3 is the supplemental declaration of Garrett R. Chase in support of Counsel's reply to their motion to withdraw.

[5] Counsel cites to Nev. R Prof. Conduct §§ 1.16(4)–(6) in their motion to withdraw and their reply.

potential prejudice to Plaintiffs caused by paying additional fees to secure new counsel would not be alleviated by retaining current counsel since Plaintiffs would still need to pay for continued representation. And although Plaintiffs would certainly suffer prejudice if they could not find substitute counsel, they would not be prejudiced to the degree that courts have found corporate entities are when they cannot find substitute counsel because Plaintiffs are individuals that can legally represent themselves. *See United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation may appear in federal court only through a licensed attorney); *see also U.S. Equal Opportunity Comm'n v. Mariscos El Puerto, Inc.*, No. 2:23-cv-01310-ART-NJK, 2026 WL673510, at *2 (D. Nev. Mar. 9, 2026) (denying motion to withdraw as counsel because defendant corporation would be required to retain licensed counsel and the case was advancing to the final merits stage).

Third, withdrawal will not harm the administration of justice because Plaintiffs were reasonably notified of Counsels' intention to withdraw. *See Beasley*, 2022 WL 16823311, at *1; Nev. R. Prof. Conduct § 1.16(b)(5). Documents submitted for in-camera review contain several emails between both firms and Plaintiffs that show that Counsel notified Plaintiffs of unpaid invoices, requested agreed-upon payment plans, and warned that continued non-payment of the outstanding invoices would result in the inability of Counsel to continue the case.

The fourth *Beasley* factor, the degree to which withdrawal will delay the resolution of a case, is more complex. This case has been ongoing for over five years and is nearing the final stage of litigation. *See* ECF Nos. 1, 337. The case does not have a trial date set, but an amended proposed joint pretrial order is due on June 15, 2026. ECF No. 350. It will also take time for a new attorney to familiarize themselves with the case's background and subject matter given this case's length and complexity. Accordingly, the withdrawal of counsel at this juncture would delay proceedings. But even where withdrawal would result in delay of the proceedings, the court may approve a motion to withdraw if the attorney shows good cause. *See* LR IA 11-6(e). Non-payment of fees does not always constitute good cause to withdraw, but it can in some circumstances *Wimbeldon Fund SPC v. Graybox, LLC*, No. 2:15-cv-6633-CAS(AJWx), 2017 WL

2841325, at *2 (C.D. Cal. June 30, 2017) (finding withdrawal appropriate where substantial legal fees were owed and client routinely failed to make payments).

Here, the Nevada Rules of Professional Conduct specifically allow for withdrawal where the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services. Nev. R Prof. Conduct § 1.16(b). The Nevada Rules of Professional Conduct also allow for withdrawal where the representation will result in an unreasonable financial burden on the lawyer. *Id.* at § 1.16(b)(6) Plaintiffs are in default of over $1,000,000 in legal fees for Novian & Novian and over $50,000 in legal fees for VC2.[6] Documents submitted for in-camera review include correspondence between Plaintiffs and Counsel discussing the financial strain that Plaintiffs' failure to pay is causing the law firms.

Further, Counsel's request to withdraw is not solely based on Plaintiffs' nonpayment. Counsel also argues that Ms. Tsatas and Counsel fundamentally disagree on trial strategy. *See id.* at § 1.16(4) (allowing counsel to withdraw when a plaintiff insists on taking an action counsel fundamentally disagrees with). Emails provided for in-camera review support this contention, especially in regard to the trial timeline and anticipated witness testimony. Accordingly, there is good cause for any delay of the case caused by the withdrawal of counsel, and this Court finds that Counsel is permitted to withdraw.

//

//

## II.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Counsels' motion to withdraw (ECF No. 338) is GRANTED.

---

[6] Plaintiffs make several arguments regarding excessive billing and misleading estimates in their Response. All that is relevant to the withdrawal analysis is whether Plaintiffs have failed to fulfill their obligation. This Court finds Plaintiffs have. If Counsel files a motion to enforce a perfected lien, as they indicate they plan to do, Plaintiff can raise these arguments in their opposition.

IT IS FURTHER ORDERED that Plaintiffs must submit a status report within 60 days indicating whether they have obtained counsel or whether they intend to proceed pro se. Should this Court not receive notice, it will assume Plaintiffs are proceeding pro se.

DATED: April 10, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE